UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK COLIN JENNINGS, II,

    Plaintiff,

v.

Case No. 21-cv-12938
Honorable Linda V. Parker

JANE DOE, JOHN DOE, and
FNU DUNCAN,

    Defendants.
_____/

### OPINION AND ORDER DIRECTING PLAINTIFF TO PREPAY THE FILING AND ADMINISTRATIVE FEES FOR THIS CASE OR TO SHOW CAUSE WHY HIS COMPLAINT SHOULD NOT BE DISMISSED UNDER 28 U.S.C. § 1915(g) FOR FAILURE TO PREPAY THE FEES

This matter comes before the Court on plaintiff Mark Colin Jennings' *pro se* Complaint (ECF No. 1) and declaration supporting his request for leave to proceed in forma pauperis (ECF No. 3). Plaintiff is a state prisoner currently confined at the St. Louis Correctional Facility in St. Louis, Michigan. The defendants are two unnamed individuals and a female correctional officer with the surname Duncan.[1]

---

[1] The caption for Plaintiff's Complaint names "Jane Doe, John Doe and Unknown Duncan" as the defendants. (ECF No. 1 at Pg ID 1.) Elsewhere, Plaintiff names "Ms. Unknown Duncan" as the defendant, and he states that he is *not* suing more than one defendant. (*Id.* at Pg ID 2.) The Court assumes that Plaintiff intended to sue the two unnamed individuals, identified as Jane Doe and John Doe, in addition to Ms. Duncan.

Plaintiff seeks monetary and injunctive relief due to an alleged beating and sexual attack on him at the Ernest Brooks Correctional Facility in Muskegon Heights, Michigan.

Plaintiff did not prepay the filing fee for his Complaint, and three of his previous cases were dismissed summarily for failure to state a claim. Thus, the Court is ordering Plaintiff to prepay the filing fee pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g) unless he can satisfy the exception to the rule.

## I. Background

In his Complaint, Plaintiff alleges that his cellmate attacked him on February 16, 2021, while he was incarcerated at the Earnest Brooks Correctional Facility. (Compl. ¶ 1, ECF No. 1 at Pg ID 5.) After Plaintiff banged on the cell door and pressed the cell button, correctional officer Duncan arrived at the two inmates' cell and asked what was wrong. (*Id.* ¶¶ 2-3.) Plaintiff told Duncan that his cellmate had attacked him and that he wanted to be placed in protective custody. (*Id.* ¶ 4.) Duncan responded that Plaintiff had to come up with a better reason for going to protective custody. (*Id.* ¶ 5.)

The cellmate then began kicking Plaintiff in the ribs, and when Duncan would not open the cell door, the cellmate began to beat Plaintiff on the head with a lock. (*Id.* ¶¶ 6-7.) The cellmate beat Plaintiff so severely that Plaintiff's brain

2

bled, and a hematoma over his eyelid caused his eye to swell shut. (*Id.* ¶ 9.) The cellmate also sexually assaulted Plaintiff. (*Id.* ¶ 10.)

Correctional officers took Plaintiff to an emergency room, and later, to a hospital where he was unaware of his surroundings or that he had been beaten and raped. (*Id.* ¶¶ 11-12.) Plaintiff recalled the incident at another hospital, and filed an administrative grievance, which was rejected. (*Id.* ¶ 13.) He also filed a complaint under the Prison Rape Elimination Act, which was denied for insufficient evidence of sexual abuse or sexual harassment. (*Id.* ¶¶ 13-14, Pg ID 5-6.)

Plaintiff alleges that he is confined to a mental health unit in a wheelchair and that he currently suffers daily from headaches, back pain, and an unhealed anus. (*Id.* ¶ 15, Pg ID 6.) He claims that the defendants intentionally deprived him of his rights, acted with recklessness and callous indifference to his rights, abused their power, and took unfair advantage of him. (*Id.* ¶ 3, Pg ID 7.) Plaintiff seeks to be permanently housed in a cell with no other prisoners and not be placed in protective custody unless he requests such custody. (*Id.* ¶ 1.) Plaintiff also wants treatment for his physical and mental needs and money damages. (*Id.* ¶¶ 2-3.)

## II. Discussion

A preliminary issue here is the filing fee for this action. In his declaration requesting permission to proceed *in forma pauperis*, Plaintiff alleges that he

received a stimulus check for $1,400 and gifts of money from his son, but that he is disabled and unable to work. (Decl., ¶¶ 3-4, ECF No. 3 at Pg ID 12.) He further alleges that he has no other source of income and does not own any cash or other valuable property. (*Id*. ¶ 6.) Additionally, Plaintiff states that he does not know the amount of the filing fee for a civil rights case and that he may or may not have enough money to pay the fee. (*Id*. ¶ 5.) He wants the Court to order him to pay the filing fee if he has enough money to pay it or to allow him to proceed *in forma pauperis* if he does not have enough money to pay the fee. (*Id*.)

Ordinarily, a federal litigant who is too poor to pay court fees "may commence a civil action without prepaying fees or paying certain expenses." *Coleman v. Tollefson*, 575 U.S. 532, 534 (2015) (citing 28 U.S.C. § 1915). But, as the Supreme Court explained in *Coleman*, "a special 'three strikes' provision prevents a court from affording in forma pauperis status where the litigant is a prisoner and he or she 'has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.'" *Id*. (quoting 28 U.S.C. § 1915(g) (emphasis in original).

An exception to the "three strikes" provision applies when "the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "A physical injury is 'serious' for purposes of § 1915(g) if it has potentially dangerous

4

consequences such as death or severe bodily harm." *Gresham v. Meden*, 938 F.3d 847, 850 (6th Cir. 2019).

"[T]o allege sufficiently imminent danger, . . . 'the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed.'" *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (quoting *Rittner v. Kinder,* 290 F. App'x 796, 797 (6th Cir. 2008)).

> In addition to a temporal requirement, . . . the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner,* 290 Fed. Appx. at 798 (internal quotation marks and citations omitted); *see also Taylor* [*v. First Med. Mgmt.*, 508 Fed. Appx. 488, 492 (6th Cir. 2012)] ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Id*.

Three of Plaintiff's previous civil cases were summarily dismissed for failure to state a claim. *See Jennings v. MacLaren*, *et al.,* No. 1:17-cv-00564 (W.D. Mich. July 27, 2017); *Jennings v. Reyes*, *et al.*, No. 2:16-cv-11864 (E.D. Mich. June 1, 2016); and *Jennings v. Hall, et al*., No. 5:16-cv-11848 (E.D. Mich. Aug. 2, 2016). Furthermore, Plaintiff does not appear to have been in imminent

danger of serious physical injury when he filed his Complaint. In fact, he is no longer incarcerated at the prison where he supposedly was attacked.

Accordingly,

The Court **ORDERS** Plaintiff to prepay the fees for this action to the Clerk of this Court. The filing fee for a civil rights complaint is $350.00, plus an administrative fee of $52.00, for a total of $402.00.

Alternatively, Plaintiff shall show cause why his Complaint should not be dismissed under § 1915(g) for failure to prepay the fees for this action. Failure to comply with this order within **thirty (30) days** of the date of the order could result in the dismissal of this case.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: January 12, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, January 12, 2022, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager